UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

|  |  |
|---|---|
| BOBBI J. RIDDLE, on behalf of herself and others similarly situated, | Civil Action No.: 3:19-cv-00249 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. |  |
| ATKINS & OGLE LAW OFFICES, LC, | **JURY TRIAL DEMANDED** |
| Defendant. |  |

**Nature of Action**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of West Virginia consumers who have been the subject of debt collection efforts by Atkins & Ogle Law Offices, LC ("Defendant").

2. Importantly, Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* § 1692(a).

3. The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—has cautioned that "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014),

4. What's more, over one-third of the debt collection complaints that the CFPB receives relate to debt collectors' attempts to collect debts that consumers do not owe.[2]

5. To address this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers a "validation notice" at the outset of the relationship; this notice must contain certain prescribed information about the consumers' alleged debts and their rights with respect to those debts. *Id.* § 1692g(a).

6. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*

7. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8. The FDCPA further requires a 30-day validation period for the consumer to dispute her alleged debt, seek verification of the debt, or seek creditor information regarding the debt, which begins to run upon receipt of the requisite validation notice. 15 U.S.C. § 1692g(a).

9. Pertinent here, "[a]ny collection activities and communication during th[is] 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

---

http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

[2]     *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2018* at 15 (2018), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/.

10. This case centers on Defendant (1) overshadowing necessary disclosures in its initial written communications to West Virginia consumers by demanding payment on their debts within the same 30 days reserved for their validation rights, and (2) using deceptive and misleading threats to file legal claims against consumers if they do not make payments during their 30-day validation periods.

**Parties**

11. Bobbi Riddle ("Plaintiff") is a natural person who at all relevant times resided in Huntington, West Virginia.

12. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal loan through Discover Bank (the "Debt").

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Defendant is a professional corporation with its principal office in Buffalo, West Virginia.

16. Since 1981, Defendant "has represented and assisted national and local creditor clients in the recovery of delinquent accounts," and its "attorneys can assist in all aspects of representing original and secondary owners, in-state and out-of-state, commercial and individual clients in the recovery of justly-owed accounts receivables."[3]

---

[3] *See* http://www.atkinsoglelaw.com/about/ (last visited April 2, 2019).

17. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

19. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

21. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

22. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and as Defendant transacts business and has its principal office in this district.

## Factual Allegations

23. On or about February 1, 2019, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

24. A true and correct copy of the February 1 communication to Plaintiff is attached as Exhibit A.

25. This February 1 communication to Plaintiff was the first communication Plaintiff received from Defendant.

26. Plaintiff did not receive any other communications from Defendant within five days of the February 1 communication.

27. Defendant's February 1 letter to Plaintiff opens with the following greeting: "You remain in default on the above listed account in the amount of $10,014.87. This claim was referred to me for collection." Ex. A.

28. Pertinent here, Defendant's February 1 letter continues:

> *You have the right to cure this default by sending this amount to me within 30 days of the date of this letter.* Please make your check payable to Discover Bank and send to Atkins & Ogle Law Offices, LC, PO Box 300, Buffalo, WV 25033. You may also make a payment online by visiting our website at www.atkinsoglelaw.com.

*Id*. (emphasis added).

29. Defendant then warns Plaintiff "that this firm was retained to represent Discover Bank to file a claim against you for the balance owing on your Discover Card account." *Id*.

30. Following this warning, Defendant discloses: "This communication is from a debt collector. This letter is an attempt to collect a debt and any information will be used for that purpose." *Id*.

31. Lastly, just before the signature of Paul S. Atkins, Defendant provides an otherwise compliant validation notice:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.*

## Class Action Allegations

32. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a West Virginia address, (b) to whom Atkins & Ogle Law Offices, LC mailed an initial debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) which demanded payment on the subject debt within 30 days of the date of such communication.

33. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

34. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

35. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

36. The proposed class is ascertainable because it is defined by reference to objective criteria.

37. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

38. The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class. To be sure, Plaintiff's claims and those of the members of the class originate from the same standardized initial debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

39. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

40. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

41. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

42. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

43. There will be no difficulty in the management of this action as a class action.

44. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

45. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. whether Defendant is a debt collector as defined by the FDCPA;

   c. Defendant's failure to properly provide in its initial debt collection letters the disclosures required by 15 U.S.C. § 1692g;

   d. whether Defendant's demand for payment within 30 days of the date of its initial collection letter violates 15 U.S.C. § 1692g(b);

  e. whether Defendant's payment demand and threat to file litigation absent payment within 30 days violates 15 U.S.C. § 1692e;

  f. the availability of statutory penalties; and

  g. the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b)**

46. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 45 above.

47. The FDCPA at 15 U.S.C. § 1692g(b) provides:

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor*.

(emphasis added).

48. Defendant's February 1, 2019 communication was its initial communication to Plaintiff.

49. The February 1 communication was sent in connection with an attempt to collect the Debt from Plaintiff.

50. At the time Defendant acquired the Debt for collection, it was, upon information and belief, considered to be in default.

51. The manner in which Defendant conveyed the validation notice required by 15 U.S.C. § 1692g(a) in its February 1 communication was ineffective, as Defendant's simultaneous demand for payment within 30 days of the date of the letter contradicted and overshadowed the mandatory validation notice.

52. Indeed, the February 1 communication stated:

> You remain in default on the above listed account in the amount of $10,014.87. This claim was referred to me for collection. *You have the right to cure this default by sending this amount to me within 30 days of the date of this letter.* Please make your check payable to Discover Bank and send to Atkins & Ogle Law Offices, LC, PO Box 300, Buffalo, WV 25033. You may also make a payment online by visiting our website at www.atkinsoglelaw.com.
>
> This is to notify you that *this firm was retained to represent Discover Bank to file a claim against you for the balance owing* on your Discover Card account.

Ex. A (emphasis added).

53. This statement not only demanded payment within 30 days of the date of the letter—which is *before* the close of the prescribed validation period under section 1692g(a)—but also conveyed to Plaintiff that the only way to avoid Defendant filing a claim against her was to pay $10,014.87 within 30 days.

54. Of course, pursuant to section 1692g(a), Plaintiff was entitled to dispute all or a portion of the Debt, and to seek creditor information, during the 30-day validation period that begins to run upon her *receipt* of the February 1 letter—which was necessarily sometime *after* February 1 given typical postage and handling times.

55. But by Defendant threatening potential legal action absent payment within 30 days, it encouraged Plaintiff to *not* take advantage of her validation rights and thus forego important protections afforded by the FDCPA—all to Defendant's benefit and Plaintiff's detriment.

56. Pertinent here, the Seventh Circuit recognized in *Chauncey v. JDR Recovery Corp.*:

> Defendant argues that the letter contains no contradiction because plaintiff is given the same amount of time to pay as to contest the debt (i.e., "within thirty (30) days"). But the letter required that plaintiff's payment be received within the 30-day period, thus requiring plaintiff to mail the payment prior to the thirtieth day to comply. In contrast, subparagraphs (3) and (4) of § 1692g(a) give the consumer thirty days after receipt of the notice to dispute the validity of a debt.

118 F.3d 516, 519 (7th Cir. 1997); *see also Swift v. Maximus, Inc.*, No. 04-216, 2004 WL 1576618, at *3-4 (E.D.N.Y. July 15, 2004) ("[T]he notice states that payment must be received within the thirty day limit. Even the least-sophisticated consumer would calculate that payment must be mailed in advance of a deadline in order to be received by that deadline.").

57. Worth noting, unlike in *Chauncey* and *Swift*, Defendant here provided Plaintiff *less time* to make payment ("within 30 days of the date of this letter") than to exercise her validation rights ("within 30 days after receiving this notice")—rendering its violation even worse. *See* Ex. A.

58. In sum, the effect of Defendant's demand for payment within 30 days was to cause a consumer like Plaintiff to waive, or believe she did not have, the validation rights specifically afforded her under 15 U.S.C. § 1692g.

59. Defendant's February 1 communication correspondingly contradicted, overshadowed, and rendered ineffective the validation notice mandated by the FDCPA, in violation of 15 U.S.C. § 1692g(b).

60. Defendant designed its February 1 communication to Plaintiff to evade the spirit of the FDCPA, and to lead Plaintiff to disregard her statutory rights under the FDCPA—which is exactly what happened here.

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

61. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 45 above.

62. The FDCPA at 15 U.S.C. § 1692e provides, in pertinent part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

63. As explained above, Defendant's February 1 letter demanded payment from Plaintiff within 30 days, and also threatened legal action against her absent such payment, while later advising her that she had 30 days from receipt of the letter to enforce her validation rights. *See* Ex. A.

64. By so demanding payment and threatening litigation within 30 days of the date of the letter, Defendant sufficiently scared Plaintiff into disregarding her validation rights under section 1692g(a) for fear of facing a lawsuit if she did not make her payment—something section 1692g(b) explicitly prohibits.

65. Defendant thusly utilized deceptive and misleading means in attempting to collect Plaintiff's alleged Debt, in violation of 15 U.S.C. § 1692e, by encouraging her to forego her validation rights for fear of facing a lawsuit.

**Standing Allegations**

66. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally and regarded her personal alleged Debt.

67. Plaintiff's harm also is concrete because "[s]ection 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice,

which allows a consumer to confirm that he owes the debt sought by the collector before paying it," *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017), but the content of Defendant's February 1, 2019 communication created a risk of real harm to this concrete interest Congress sought to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140, 707 F. App'x 724, 727 (2d Cir. 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA"); *see also Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 761 (6th Cir. 2018) (same); *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017) ("[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. Among those circumstances are cases where a statutory violation creates the risk of real harm.").

68. Specifically, when a consumer is given her statutory validation rights but simultaneously instructed to make payment on her debt within that same 30-day validation period (or sooner)—or else risk Defendant filing a lawsuit against her—she is likely to be confused by which deadline controls over the other, and also to forego her statutorily-mandated validation rights for fear of facing additional legal action by Defendant. *Accord Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) ("The aim of § 1692g is to provide a period for the recipient of a collection letter to consider her options. It is also to make the rights and obligations of a potentially hapless debtor as pellucid as possible.").

69. This is precisely how Plaintiff interpreted Defendant's February 1 letter here.

70. Plaintiff understood the letter to mean that if she did not make a payment on the Debt within 30 days, Defendant would file a lawsuit against her.

71. And this overarching fear of a lawsuit permeated her reading of the letter as a whole, and effectively caused her to disregard the statutorily-mandated validation notice that appears at the conclusion of the letter even though, by law, she had 30 days from its receipt to enforce those validation rights explained in the notice.

72. In other words, Plaintiff's sole take-away after reviewing Defendant's February 1 letter was that she would be sued if she didn't make a payment within 30 days—no matter what other options she might have had to dispute the debt or seek verification during that same timeframe.

73. Due to Defendant's threat to file a legal claim absent payment, Plaintiff was effectively oblivious to the fact that she had the full 30 days from receipt of the letter to enforce any of her validation rights.

74. Of course, this not only runs counter to the stated purpose and multiple notice requirements of section 1692g(a), but also represents the sort of deception and underhandedness prohibited by section 1692e.

75. Here, Defendant's actions in overshadowing the mandatory validation notice and in deceptively threatening litigation absent payment within the prescribed validation period invaded a specific private right created by Congress to a clear and accurate validation notice, and the invasion of said right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(b) and 1692e;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. §§ 1692g(b) and 1692e with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

**Trial by Jury**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  April 2, 2019                    Respectfully submitted,


/s/ Matthew P. Stapleton
Matthew P. Stapleton (WVSB # 12334)
STAPLETON LAW OFFICES
400 5th Avenue
Huntington, WV 25701
Tel: (304) 529-1130
StapletonLawOffices@gmail.com

Jesse S. Johnson*
Florida Bar No. 0069154
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
Fax: (561) 961-5684
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

* to seek admission *pro hac vice*