IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BOBBI J. RIDDLE, on behalf of herself and
others similarly situated,

                Plaintiff,

v.                                                    CIVIL ACTION NO. 3:19-0249

ATKINS & OGLE LAW OFFICES, LC,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Bobbi Riddle's Unopposed Motion for Approval of an Award of Attorneys' Fees, Costs, and Litigation Expenses, ECF No. 18. The Court finds the requested award is reasonable and **GRANTS** the Motion.

**I. BACKGROUND**

This case arises out of a series of dunning letters mailed by Defendant Atkins & Ogle Law Offices, LC, on behalf of Discover Bank to approximately two hundred people between April 2018 and April 2019. ECF No. 15, at 4. Riddle sued on behalf of herself and similarly-situated individuals who received the same form letter, arguing that the letter violated the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1, at 1. The Court previously granted an unopposed motion for preliminary approval of the proposed class and settlement. ECF No. 16. The settlement will create a $5,500 fund, of which approximately $27.50 will be distributed to each class member. *Id.* at 6. The settlement also provides full statutory damages of $1,000 to Riddle and up to $50,000 in attorneys' fees. *Id.* Lastly, the defendant agreed to refrain from using the form letter at issue.

ECF No. 15, at 4. The Court held a fairness hearing on June 29, 2020. ECF No. 16, at 9. Riddle now moves for the Court's approval of a $50,000 award for attorneys' fees, costs, and litigation expenses. ECF No. 18. The award is unopposed and would be paid separate from the class settlement fund and Riddle's individual payment so as not to dilute their recoveries. *Id.* at 4.

## II. DISCUSSION

To incentivize private enforcement, the FDCPA mandates awards of costs and reasonable attorneys' fees in successful actions. 15 U.S.C. § 1692k(a)(3); *see Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) (explaining "the fee award under § 1692k is mandatory in all but the most unusual circumstances"). A reasonable fee award under a fee-shifting statute like the FDCPA is "not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986). Therefore, "courts routinely award reasonable attorneys' fees to a prevailing party in FDCPA cases that greatly exceed damage awards." *Ramsey v. Int'l Computer Sys., Inc.*, No. 1:16-cv-745, 2017 WL 25502, at *2 (S.D. Ohio Jan. 3, 2017); *see also Randle v. H & P Capital, Inc.*, 513 F. App'x 282, 283 (4th Cir. 2013) (affirming award of $76,876.59 in attorneys' fees and expenses where plaintiff recovered $6,000); *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 449 (6th Cir. 2009) (affirming award of $52,419.56 in attorneys' fees and expenses where plaintiff recovered $26,000).

To calculate the fee award, the Court follows a three-step process. *McAfee v. Bozcar*, 738 F.3d 81, 88 (4th Cir. 2013). First, the Court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citation omitted). Courts use twelve factors known as the *Johnson* factors to help determine what hours and rates are "reasonable." These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the

> attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 243–44 (citation omitted). Second, the Court subtracts from the lodestar figure "fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* at 244 (citation omitted). Lastly, the Court "awards some percentage of the remaining amount depending on the degree of success enjoyed by the plaintiff." *Id.* (citation omitted).

Class counsel Greenwald Davidson Radbil PLLC ("GDR") seeks fees for two attorneys at different rates. According to the United States Supreme Court, an hourly rate is reasonable when it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). Lead attorney Jesse S. Johnson has more than ten years of class action litigation experience and billed at $400 per hour. ECF No. 18-1 ¶¶ 9–16, 38. Senior partner James L. Davidson has sixteen years of experience and billed at $450 per hour. *Id.* ¶¶ 18–20, 38. The defendant does not dispute these rates or the attorneys' experience and skill, and the rates are within the range of reasonableness for this district. *See Johnson v. Ford Motor Co.*, No. 3:13-cv-06529, 2018 WL 1440833, at *5–6 (S.D.W. Va. Mar. 22, 2018) (Eifert, M.J.) (collecting cases and concluding that prevailing rates in this jurisdiction range from $150 to $550); *Good v. W. Va.-Am. Water Co.*, No. 14-1374, 2017 WL 2884535, at *27 (S.D.W. Va. July 6, 2017) (Copenhaver, J.) (accepting blended rate of $360, with highest rate of $575, in performing lodestar cross-check in complex class action); *Ohio Valley Envtl. Coal. v. Fola Coal Co., LLC*, No. 2:13-16044, 2017 WL 1712525, at *2 (S.D.W. Va. May 2, 2017) (Chambers, J.) (finding rates of $425 and $450 reasonable in Clean

Water Act case); *Daugherty v. Ocwen Loan Servicing, LLC*, No. 5:14-cv-24506, 2016 WL 6680033, at *2 (S.D.W. Va. Oct. 12, 2016) (Berger, J.) (approving $400 hourly rate in individual Fair Credit Reporting Act suit); *McGhee v. Cole*, 115 F. Supp. 3d 765, 775 (S.D.W. Va. 2015) (Chambers, J.) (approving $400 and $500 hourly rates in civil rights action). The Court therefore finds the attorneys' hourly rates are reasonable and appropriate for the lodestar calculation.

GDR claims an award for 143.3 hours is warranted. This total includes 118.3 hours spent: investigating the case's facts; preparing the complaint; researching relevant law; defeating the defendant's motion to dismiss; preparing Riddle's initial disclosures and first sets of interrogatories, requests for document production, and requests for admission; reviewing the defendant's disclosures; conducting a net worth analysis of the defendant and negotiating the class settlement; conferring with Riddle and defense counsel; preparing the parties' class action settlement agreement and proposed class notice; coordinating with the settlement administrator and defense counsel to implement a class notice and settlement administration program; preparing the unopposed motion for preliminary approval of the class settlement; preparing this request for approval of an agreed upon award of attorneys' fees and expenses; and overseeing the settlement administrator. ECF No. 18-1 ¶¶ 32, 36. GDR also anticipates expending approximately 25 more hours preparing Riddle's final approval motion, preparing for and attending the final fairness hearing, overseeing settlement distribution, and communicating with class members. *Id.* ¶ 37. These hours are unopposed, and the Court finds them reasonable for the amount of work performed by GDR in this case.

The reasonable number of hours multiplied by the attorneys' respective rates results in a lodestar figure of $58,015. ECF No. 18-1 ¶ 39. This includes 129.4 hours at $400 per hour for Johnson ($51,760) and 13.9 hours at $450 per hour for Davidson ($6,255). *Id.* ¶¶ 36, 39. GDR

voluntarily reduces this figure to $50,000 to ensure the fee's reasonableness and secure the defendant's approval. *Id.* ¶ 40; *see Reade-Alvarez v. Eltman, Eltman, & Cooper, P.C.*, No. CV-04-2195 CPS, 2006 WL 3681138, at *9 (E.D.N.Y. Dec. 11, 2006) ("Because the proposed fee of $50,000 is actually lower than the lodestar [of $55,398], that proposed amount is justifiable.").

The reasonableness of the requested fee award is supported by several of the *Johnson* factors. In regard to the fifth factor, GDR entered into a contingent fee agreement with Riddle, which is common for consumers bringing FDCPA claims. This "weighs in favor of the requested attorneys' fees award, because such a large investment of money and time places incredible burdens upon . . . law practices and should be appropriately considered." *In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1256 (D.N.M. 2012) (internal quotations and citation omitted). As to the ninth factor, GDR is an experienced firm that has successfully litigated many complex consumer class actions. Because of its experience, GDR has been appointed class counsel in many class actions throughout the country, including several in the Fourth Circuit. ECF No. 18-1 ¶ 13. GDR employed that experience here in negotiating a favorable result that avoids protracted litigation, trial, and appeals.

The eighth *Johnson* factor, which considers the results obtained, strongly supports the requested fees. The settlement is close to the maximum statutory damages, which are capped at one percent of the defendant's net worth. 15 U.S.C. § 1692k(a)(2)(B); *Id.* ¶ 21. The expected per class member recovery of $27.50 also exceeds many recoveries in similar FDCPA class action settlements. *E.g. Alderman v. GC Servs. Ltd. P'ship*, No. 2:16-cv-14508, 2019 WL 1605656, at *2 (S.D. Fla. Apr. 9, 2019) (distributing $10 per class member); *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, No. 15-2460, 2016 WL 4766079, at *3 (E.D. Pa. Sept. 13, 2016) (distributing $10.92 per class member); *Hall v. Frederick J. Hanna & Assocs., P.C.*, No. 1:15-cv-

03948, 2016 WL 2865081, at *3 (N.D. Ga. May 10, 2016) (distributing $10 per class member). Riddle's individual recovery of $1,000 is the maximum individual award under the FDCPA. 15 U.S.C. § 1692k(a)(2)(A). And lastly, the defendant will now comply with the FDCPA's collection letter requirements, which will benefit all consumers targeted by their collection efforts in the future. ECF No. 18-1 ¶ 23.

Also significant is that the requested fees are comparable to those in recent consumer protection class actions, as considered under the twelfth factor. *E.g.*, *Marcoux v. Szwed*, No. 2:15-CV-093-NT, 2017 WL 679150, at *5 (D. Me. Feb. 21, 2017) (approving $53,000 in fees and expenses in FDCPA class action); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 691 (N.D. Cal. 2016) (awarding $52,500 in fees and expenses in FDCPA class action); *Donnelly v. EquityExperts.org, LLC*, No. 4:13-CV-10017-TGB, 2015 WL 249522, at *4 (E.D. Mich. Jan. 14, 2015) (approving $90,000 in fees and $5,947.58 in expenses in FDCPA class action); *Randle v. H & P Capital, Inc.*, 513 F. App'x 282, 283 (4th Cir. 2013) (affirming award of $76,876.59 in attorneys' fees and expenses where plaintiff recovered $6,000); *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 449 (6th Cir. 2009) (affirming award of $52,419.56 in attorneys' fees and expenses where plaintiff recovered $26,000). And, while not included in the *Johnson* factors, the lack of objections by class members to the fee award also supports finding the award reasonable. *See Smith v. Res-Care, Inc.*, No. 3:13-cv-5211, 2015 WL 6479658, at *8 (S.D.W. Va. Oct. 27, 2015); *Hess v. Sprint Commc'ns Co. L.P.*, No. 3:11-CV-00035-JPB, 2012 WL 5921149, at *4 (N.D.W. Va. Nov. 26, 2012).

GDR's requested award also includes the reimbursement of typical litigation expenses. These expenses total $1,893.20 and include the filing fee ($400), fees related to Johnson's pro hac vice admission ($716), the cost of service ($75), postage ($2.20), and the estimated cost of

traveling to the final approval hearing ($700). ECF No. 18-1 ¶¶ 42–44. GDR also notes it incurred additional reimbursable expenses that are subsumed under the agreed upon fee and expense award, including photocopies, long distance telephone calls, and legal research. *Id.* ¶ 45. These expenses are reasonable, necessary, and awardable. *See, e.g.*, *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177–78 (S.D. Cal. 2007) (awarding as reasonable and necessary reimbursements for "1) meals, hotels, and transportation; 2) photocopies; 3) postage, telephone, and fax; 4) filing fees; 5) messenger and overnight delivery; 6) online legal research; 7) class action notices; 8) experts, consultants, and investigators; and 9) mediation fees"). The fact that GDR seeks a total award less that the sum of its lodestar and reimbursable expenses underscores the award's reasonableness.

### III. CONCLUSION

For these reasons, the Court finds GDR's requested award of $50,000 is well-supported and reasonable. The Court need not proceed to the second step of the fee analysis because there are no unsuccessful claims for which the Court should reduce fees. *See Robinson*, 560 F.3d at 244. The third step of the analysis—reducing fees based on the degree of success—is also inappropriate here because GDR achieved a settlement close to the maximum statutory damages and GDR already reduced the loadstar figure to ensure the award's reasonableness. *See id.* The Court therefore **GRANTS** the plaintiff's Unopposed Motion for Approval of an Award of Attorneys' Fees, Costs, and Litigation Expenses, ECF No. 18. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 29, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE