# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

BOBBI J. RIDDLE, on behalf of herself and others similarly situated,

    Plaintiff,

v.

ATKINS & OGLE LAW OFFICES, LC,

    Defendant.

**Civil Action No. 3:19-cv-00249**

## ORDER OF FINAL APPROVAL AND JUDGMENT

On December 18, 2019, Bobbi J. Riddle ("Plaintiff") filed her unopposed motion to preliminarily approve the parties' proposed class settlement.

On December 23, 2019, Defendant served on the United States Attorney General and the Attorney General of West Virginia the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715.

On February 26, 2020, this Court preliminarily approved the parties' proposed settlement.

On March 18, 2020, First Class, Inc. distributed notice of the parties' proposed class settlement, as ordered.

On June 1, 2020, Plaintiff filed her unopposed motion to finally approve the parties' proposed settlement.

On June 29, 2020, this Court held a fairness hearing regarding Plaintiff's and Defendant's proposed settlement.

Having considered Plaintiff's unopposed motion, this Court finally approves the proposed settlement.

This Court also confirms that it has jurisdiction over this matter and the parties to it.

This Court further certifies the following class, for settlement purposes, under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons (a) with a West Virginia address, (b) to whom Atkins & Ogle Law Offices, LC mailed an initial debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) between April 4, 2018 and April 4, 2019, (e) which stated: "You have the right to cure this default by sending this amount to me within 30 days of the date of this letter."

This Court finds that this matter meets the applicable prerequisites for class action treatment under Rule 23, namely:

1. The class members are so numerous that joinder of all of them is impracticable;

2. There are questions of law and fact common to the class members, which predominate over any individual questions;

3. Plaintiff's claims are typical of the class members' claims;

4. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the class members; and

5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

*Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 477-78 (D. Md. 2014) (approving class action settlement).

This Court also appoints Bobbi J. Riddle as class representative for the class, and the following attorney and law firm as class counsel for class members:

> Jesse S. Johnson
> Greenwald Davidson Radbil PLLC
> 7601 N. Federal Highway, Suite A-230
> Boca Raton, Florida 33487

*See Spencer v. #1 A LifeSafer of Ariz., LLC*, No. 18-2225, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019) (appointing Greenwald Davidson Radbil PLLC class counsel); *Garza v. Mitchell Rubenstein & Assocs., P.C.*, No. 15-1572, 2015 WL 9594286 (D. Md. Dec. 28, 2015) (same); *Baldwin v. Glasser & Glasser, P.L.C.*, No. 15-490, 2015 WL 7769207 (E.D. Va. Dec. 1, 2015) (same).

This Court approves the terms of the parties' settlement, the material terms of which include, but are not limited to:

1. Defendant will create a class settlement fund ("Settlement Fund") in the amount of $5,500, which will be distributed on a pro-rata basis to each of the 195 class members who did not exclude themselves, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii).

2. Separate from the Settlement Fund, Defendant will pay to Plaintiff $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i).

3. Defendant will pay all costs of class notice and administration of the settlement separate and apart from any monies paid to Plaintiff, class members, or class counsel.

This Court additionally finds that the parties' notice of class action settlement, and the distribution thereof, satisfied the requirements of due process under the Constitution and Rule 23(e), that it was the best practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to notice of class action settlement.

This Court similarly finds that the parties' notice of class action settlement was adequate and gave all class members sufficient information to enable them to make informed decisions as to the parties' proposed settlement, and the right to object to, or opt-out of, it.

This Court additionally finds that Plaintiff's and Defendant's settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the class members.

This Court finds that the class members were given a fair and reasonable opportunity to object to the settlement. No class member objected to the settlement. The one class member who made a valid and timely request for exclusion is excluded from the class and settlement and is not bound by this order. That person is: Krista Kenney.

This order is binding on all class members, except the individual who validly and timely excluded herself from the settlement.

This Court approves the individual and class releases set forth in the class action settlement agreement. The released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

This Court awards a total of $50,000 for class counsel's attorneys' fees and reimbursement of litigation costs and expenses.

This action is dismissed with prejudice as to all other issues and as to all parties and claims.

This Court retains continuing and exclusive jurisdiction over the parties and all matters relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated:  June 29, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE